IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. CORLISS, | : | CIVIL ACTION NO. 3:02-CV-0282 |
| Plaintiff | : | (JUDGE JONES) |
| v. | : | |
| BEN VARNER, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

March 17, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff, Justin M. Corliss ("Plaintiff" or "Corliss"), an inmate formerly confined in the Smithfield State Correctional Institution, in Huntingdon, Pennsylvania,[1] ("SCI-Smithfield") filed the above captioned civil rights complaint pursuant to 42 U.S.C. § 1983. He names as defendants the following present and former SCI-Smithfield employees: Ben Varner, former Superintendent; David J. Wakefield, former Deputy Superintendent; John Crider and Tim McCauley, corrections counselors; Robert Glenny and Barry Lear, corrections officers; and Robyn Johns, former psychologist. Plaintiff initially filed this action on February 21, 2002. (Rec. Doc. 1). By Order dated March 21, 2002, the Court dismissed the Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g), as Plaintiff

---

1. Plaintiff is currently confined in the State Correctional Institution, Somerset, Pennsylvania.

had filed three (3) prior actions which were dismissed as frivolous or for failure to state claim. (Rec. Doc. 8). Plaintiff filed a motion to amend the judgment, claiming that he was entitled to proceed in forma pauperis as he was in imminent danger. (Rec. Doc. 9). By Order dated April 21, 2002, the Court, having found Plaintiff to be in imminent danger of serious physical injury, reinstated Plaintiff's action. (Rec. Doc. 10). The Court, however, found that Plaintiff's original complaint did not comply with Fed.R.Civ.P. 20 and directed Plaintiff to file an amended complaint. (Rec. Doc. 10).

On May 3, 2002, Plaintiff filed an amended complaint wherein he sets forth the allegation that "between July 1, 2001 and the present, the defendants have conspired to and did undertake a deliberate, intentional, atypical, negligent, systematic and reckless course of conduct to retaliate against the plaintiff due to plaintiff's diligent attempts to redress prison staff malfeasance." (Rec. Doc. 11). Corliss claims that as a result "defendants did:

a) refuse to allow plaintiff to have contact visits with his children;

b) fabricated a hoax allegation and falsely accused plaintiff of perpetrating it;

c) fraudulently classified the plaintiff as a custody level four;

d) subjected plaintiff to falsified misconduct reports to cover for staff malfeasance;

e) fabricated a completely baseless Prescriptive Program Plan

(PPP);

f) caused the plaintiff to be brutally assaulted; and

e) harass, intimidate and retaliate and deprive plaintiff of due process, subject plaintiff to character assassination, defamation, slander and libel."

(Rec. Doc. 11).  Corliss contends that "this conduct was exacted to retaliate against the plaintiff and to punish him without due process, due to the plaintiff diligently seeking to redress prison staff and the defendants' malfeasance."  (Rec. Doc. 11).

Defendants moved to dismiss the Plaintiff's amended complaint against them, arguing, inter alia, that Plaintiff had failed to exhaust administrative remedies as required by 42 U.S.C. § 1997(e).  (Rec. Doc. 29).  By Order dated September 22, 2003, Defendants' motion to dismiss was denied because a question of fact remained as to whether Plaintiff had exhausted the sole claim that was before the Court, namely retaliation. Defendants' motion made no mention that Plaintiff had ever filed a grievance concerning retaliation or if the Plaintiff argued retaliation within the grievances he did file to final review.  As such, the Court could not find that Plaintiff failed to exhaust his administrative remedies.

On October 14, 2003, Defendants filed an answer to the complaint. (Rec. Doc. 42).  On June 14, 2004, Plaintiff file a motion for summary judgment, (Rec. Doc. 67) and on July 9, 2004, Defendants filed a cross-motion for summary judgment.

3

By Order dated March 30, 2005, Defendants' motion for summary judgment was granted and Plaintiff's motion was denied. (Rec. Doc. 99). Presently before the Court is Petitioner's motion for reconsideration of this Court's March 30, 2005 Order. (Rec. Doc. 100). For the reasons set forth below, the motion will be denied.

**DISCUSSION**:

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902

4

F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In granting Defendants' motion for summary judgment, this Court found that Corliss had failed to properly exhaust any of his claims as required by 42 U.S.C. § 1997e(a), either because he failed to properly allege in the administrative procedure a claim of retaliation by any of the named Defendants, or because he failed to follow the prescribed procedures. (Rec. Doc. 99 at 25-26). Alternatively, the Court determined that most of Corliss' claims were without merit. Specifically, the Court found the following with respect to the merits of Plaintiff's claims:

> - The failure to exempt Corliss from the prison rule which would normally prohibit contact visits could not be considered adverse action to support a claim of retaliation. (Rec. Doc. 99 at 28-29).
>
> - The misconduct reports issued on December 3, 2001 (Misconduct Report 579443) and December 7, 2001 (Misconduct Report 740309) could not support a claim for retaliation because the speech which Corliss was being punished for was not protected under the First Amendment. (Rec. Doc. 99 at 30-32).

- Defendants had established non-retaliatory penological reasons for issuing Misconduct Reports A228145 and A260249. Misconduct Report A228145 was supported by medical evidence that both plaintiff and his cellmate Michael Smith were active participants in the altercation. (Rec. Doc. 99 at 32-33). The undisputed record support th issuance of Misconduct Report A260249 for Plaintiff's failure to obey an order.

- The records reveals a non-retaliatory reason for transferring Corliss into a cell with Michael Smith. (Rec. Doc. 99 at 32-33).

Plaintiff's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Rather, he seeks merely to relitigate the issues based upon his disagreement with this Court's Order. Accordingly, the motion for reconsideration will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's Motion for Reconsideration (Doc. 100) is DENIED.


John E. Jones III
United States District Judge